**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0001125
19-APR-2013
09:01 AM**

NO. CAAP-12-0001125

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

EDWARD ROBINSON, Petitioner-Appellant, v.
DWIGHT TAKAMINE, DIRECTOR OF THE DEPARTMENT OF LABOR AND
INDUSTRIAL RELATIONS, IN HIS OFFICIAL CAPACITY, and GRAND HYATT
KAUAI RESORT AND SPA, Respondents-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 12-1-0115)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Foley and Ginoza, JJ.)

Upon review of the record in this case, it appears that

we lack jurisdiction over the appeal that Appellant-Appellant

Edward Robinson (Appellant Robinson) has asserted from the

Honorable Randal G.B. Valenciano's December 27, 2012 order that

affirmed the decision of the Department of Labor and Industrial

Relations, because the circuit court has not reduced the December 27, 2012 order to a separate judgment, as Rules 58 and 72(k) of the Hawai'i Rules of Civil Procedure (HRCP) require in an administrative appeal from a circuit court's dispositive ruling pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (Supp. 2012).

"Review of any final judgment of the circuit court under this chapter shall be governed by chapter 602." HRS § 91-15 (1993). The intermediate court of appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (Supp. 2012). Under HRS § 641-1(a), "[a]ppeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit . . . courts[.]" Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken from circuit court orders resolving claims against parties <u>only after the orders have been reduced to a judgment</u> and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994) (emphasis added). "Thus, based on <u>Jenkins</u> and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." <u>Carlisle v. One (1) Boat</u>, 119

Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). Although the instant case involves an administrative appeal, HRCP Rule 72(k)[1] similarly requires that, upon a circuit court's adjudication of an administrative appeal, "the court having jurisdiction shall enter judgment." HRCP Rule 72(k). The separate judgment document rule under the holding in Jenkins applies to a secondary appeal from a circuit court order that adjudicates an administrative appeal. See, e.g., Raquinio v. Nakanelua, 77 Hawai'i 499, 500, 889 P.2d 76, 77 (App. 1995) ("We conclude . . . that the requirements for appealability set forth in Jenkins apply to appeals from circuit court orders deciding appeals from orders entered by the Director of Labor and Industrial Relations."). Consequently, where a circuit court failed to reduce dispositive orders in an administrative appeal to a separate judgment, we dismissed the appeal for lack of jurisdiction:

> In Raquinio's case, the requirements of HRCP Rules 58 and 72(k) and Jenkins apply and have not been satisfied. Therefore, Raquinio's appeal is premature, and we do not have appellate jurisdiction.
>
> Accordingly, this appeal is dismissed for lack of appellate jurisdiction.

Id.

Likewise in the instant administrative appeal, the requirements of HRCP Rule 58, HRCP Rule 72(k), Jenkins and Raquinio v. Nakanelua apply, and yet neither the circuit court nor that parties have satisfied the requirements for

---

[1] Rule 81(e) of the Hawai'i Rules of Civil Procedure (HRCP) requires that the Hawai'i Rules of Civil Procedure "shall apply to any proceedings in a circuit court pursuant to appeal to the circuit court from a governmental official or body (other than a court), except as otherwise provided in Rule 72."

appealability because the circuit court has not reduced the December 27, 2012 order to a separate judgment that, on its face, resolves all claims in this case by either entering judgment in favor of and against the appropriate parties. "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted). On February 26, 2013, the record on appeal for appellate court case number CAAP-12-0001125 was filed, by which time the circuit court had not yet entered a separate judgment in this case. Absent an appealable final judgment, Appellant Robinson's appeal is premature and we lack jurisdiction. Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-12-0001125 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, April 19, 2013.

Chief Judge

Associate Judge

Associate Judge